

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARY ANN WHITE | CIVIL ACTION NO. 04-1262 |
| versus | JUDGE WALTER |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Mary Ann White ("Plaintiff") applied for disability benefits based on an allegation that she became disabled in August 2001 due to diabetes, high blood pressure, heart valve leakage and chest pain. Plaintiff was 50 years old at the time ALJ W. Thomas Bundy decided her case. She has a General Equivalency Diploma and past work experience that includes employment as a phlebotomist No. 2.

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff was not working (step one) and suffered from diabetes, hypertension and carpal tunnel syndrome, impairments that are severe within the meaning of the regulations (step two) but not severe enough to

meet or medically equal a listed impairment (step three) that would direct a finding of disabled.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC") and found that she retained the ability to perform the demands of light work activity. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). The ALJ then proceeded to step four, which asks whether the claimant is capable of performing her past relevant work. That determination may rest on a finding that the claimant can perform the past work as she actually performed it or as that kind of work is generally performed in the national economy. See Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990); Social Security Ruling 82-61. The ALJ found that Plaintiff could perform the demands of her former job as phlebotomist No. 2 as she actually performed it, so Plaintiff was deemed not disabled. The Appeals Council denied a request for review, and Plaintiff filed this judicial appeal pursuant to 42 U.S.C. § 405(g).

**Issues on Appeal**

Plaintiff lists two statements of errors in her brief. She first complains that the ALJ substituted his opinion for that of a medical expert, Dr. Cush, with respect to Plaintiff's lifting ability. She also complains that the ALJ did not provide her a meaningful opportunity to cross-examine Dr. Cush following his post-hearing report. Questions surrounding the first issue require remand, so the court need not address the second issue. Plaintiff is encouraged

to fully explore and present that and any other issue on remand, to permit the agency a full opportunity to address any arguments or issues of concern to Plaintiff.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Lifting Ability and Past Relevant Work**

Plaintiff described the demands of two phlebotomists jobs. With respect to one of them, she reported that she carried a phlebotomist tray everywhere she went for the entire work day, and that she frequently lifted fifteen pounds. Tr. 93. She also described a job called phlebotomist No. 2, which is the one at issue in this case, that had lesser demands. When asked to explain the lifting and carrying demands of that job, she wrote: "I lifted and carried supplies maybe 10 ft. once a month." She checked 10 pounds as the heaviest weight lifted and the weight that she would frequently lift on that job. There was no indication in

the description, however, to explain what she would lift frequently that weighed 10 pounds. Tr. 92.

The evidence relevant to Plaintiff's ability to work includes a consultative report from Charles Werner, M.D., who examined Plaintiff in November 2002. His report focuses primarily upon Plaintiff's heart problems and history of diabetes. He offers nothing specific with respect to Plaintiff's ability to lift a particular weight, although he did report that Plaintiff had a full range of motion in all joints and was able to get up and off the examination table without any problem. Tr. 167-68.

The record also includes testimony from Plaintiff, who testified before the ALJ that an orthopedic surgeon had suggested carpal tunnel surgery on her left hand and then follow with surgery on the right hand if needed. She said that she has to rotate the use of her hands when driving because of pain and tingling. Tr. 229-30. She also reported that she could barely pick up a dinner plate, could not stir a pot very long, and could no longer roll her own hair. Tr. 234.

About two months after the hearing, in October 2003, Raymond P. Cush, M.D., performed a consultative examination of Plaintiff. He reported that Plaintiff had left carpal tunnel surgery on October 4, a couple of weeks after the hearing, and he noted that a nerve conduction test done before the surgery showed bilateral median neuropathy at the wrist of moderate severity. Plaintiff reported that the left wrist pain, at least at night, had improved,

but she was still taking pain medication from time to time for post-surgery pain. Surgery for the right side was planned for later in the year. Tr. 210.

Dr. Cush's physical examination of Plaintiff's extremities found no muscle atrophy and a normal range of motion in all joints. Tr. 211. Both hands gripped at 5 out of 5, and Plaintiff did well on testing for fine hand movements and dexterity. She seemed to have "good strength of upper and lower limb muscles" with good ranges of motion. Bilateral wrist flexion caused no discomfort after more than one minute. Dr. Cush reported that the recent and planned surgeries "would possibly prevent [plaintiff] from being able to do her prior job at this time," though he noted that the reason she left her past job had more to do with the stress of a relationship with other personnel, as opposed to health-related problems. Tr. 212.

Dr. Cush also completed a form to assess Ability to Do Work-Related Activities. He indicated that Plaintiff could occasionally lift 10 pounds, but he did not check a box (not even the "less than 10 pounds" box) to indicate the amount of weight that Plaintiff could frequently lift or carry. Tr. 214. He cited as support for his conclusions the documentation of bilateral median neuropathy of moderate severity, with recent surgery and a planned surgery. Tr. 215. No other limitations were observed in the report.

When the ALJ assessed Plaintiff's RFC, he acknowledged Dr. Cush's finding that Plaintiff could lift only 10 pounds occasionally. The ALJ discounted that finding based on his opinion that the report of Dr. Cush's examination did not support such a limitation. The ALJ pointed to factors such as Plaintiff's good grip strength, good strength of upper limbs

and, the ability to tolerate wrist flexion without discomfort. Tr. 15. The ALJ ultimately concluded that Plaintiff had the RFC for light work (which involves lifting up to 20 pounds occasionally and 10 pounds frequently).

Plaintiff argues that the ALJ was not warranted in substituting his opinion for Dr. Cush's regarding the amount of weight Plaintiff could lift. The ALJ did not have to find, however, that Plaintiff was capable of performing the lifting requirements of light work to support his step four conclusion that she could perform the actual demands of her former job as a phlebotomist No. 2, which Plaintiff had indicated did not require that she lift more than 10 pounds. The critical question is not, as posed by Plaintiff, whether the ALJ substituted his medical opinion for Dr. Cush when he found that Plaintiff could perform the lifting requirements of light work. Rather, the issue is whether there is substantial evidence to support the finding that Plaintiff could perform the (apparently) less demanding lifting requirements of phlebotomist No. 2 as she actually performed that job.

Answering the question is made difficult by two factors. First, Plaintiff (inconsistently) described her job on an agency-provided form as both (1) requiring frequent lifting (meaning 1/3 to 2/3rds of the work day) of 10 pounds and (2) requiring only lifting and carrying of supplies maybe 10 feet once a month. Tr. 92. The source of Plaintiff's check-the-box indication that a phlebotomist No. 2 must frequently lift 10 pounds (as opposed to the less than 10 pounds choice that is also provided on the form) is not explained by any material in the record pointed to by either party, and it is at odds with her written-out

description of the job as requiring virtually no lifting and carrying. The second factor making the issue difficult to answer on the current record is Dr. Cush's lack of any indication of the amount that he believed Plaintiff could frequently lift and/or carry. He could have checked less than 10 pounds if he thought she was quite incapable in that regard, but he checked nothing at all, creating an ambiguity. Neither party has pointed to any other positive evidence to indicate Plaintiff's lifting ability.

**Conclusion**

Under these circumstances, the court cannot say that the Commissioner's decision is supported by substantial evidence. There is not enough positive and unambiguous evidence of the actual demands of the past job and Plaintiff's lifting ability to permit that conclusion. A remand will permit the agency and Plaintiff to gather all necessary details about the demands of Plaintiff's past relevant work and obtain clarification from Dr. Cush or evidence from other medical sources with respect to Plaintiff's lifting ability. The end result may or may not be the same, but the agency's decision is not, given the current record, supported by substantial evidence.

On remand, Plaintiff and the agency may further explore any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

Accordingly;

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and this case be **REMANDED** to the agency for further proceedings.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 1st day of August, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Walter

Page 8 of 8