UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARY ANN WHITE                    CIVIL ACTION NO. 04-1262

versus                                    JUDGE WALTER
                                             **REFERRED TO:**
COMMISSIONER OF THE SOCIAL      MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM ORDER**

Plaintiff appealed the Commissioner's denial of disability benefits, and this court entered a judgment reversing and remanding the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Soon afterward, the court entered an agreed order granting Plaintiff fees under the EAJA of $2,337.50.

Plaintiff returned to court approximately one year later with a **Motion for Attorney Fees (Doc. 22)** pursuant to 42 U.S.C. § 406(b). Plaintiff reports that she was successful on remand in obtaining an award of benefits, and the agency awarded her attorney a fee of $1,212.50 for his representation before the agency. Counsel asks that the court now award $9,577.63 for his services before the court. These figures would result in counsel taking maximum advantage of the 25% of past due benefits available for a fee, taking into consideration that the smaller EAJA fee must be refunded to the claimant. The motion was noticed for briefing, but the Commissioner has not filed a response.

The time period for filing a fee motion under Section 406(b) is governed by Fed. R.Civ. Proc. 54(d)(2) and applicable local rules. Pierce v. Barnhart, 440 F.3d 657, 663 (5th

Cir. 2006). That time has passed, but the circumstances of this case in which the actual award was not made until long after the court's judgment warrant the exercise of the court's discretion to extend that time period.

With respect to the substance of the motion, Plaintiff signed a contingency fee agreement to pay 25% of any past-due benefits awarded. That agreement may provide the Section 406(b) award so long as it is reasonable under the facts of this case. Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002). After reviewing the record, and considering the competing interests of reducing the cost of representation to claimants and ensuring adequate compensation to attract attorneys to represent social security claimants, the court finds that the fees requested are reasonable under the circumstances.

The **Motion for Attorney Fees (Doc. 22)** is **granted**. The proposed order submitted by counsel along with the motion will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 24th day of January, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE